IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| CRAIG ALFORD, | : | CIVIL ACTION NO. **3:CV-12-2616** |
|---|---|---|
| Petitioner | : | |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, *et al.*, | : | |
| | : | |
| Respondents | : | |

**MEMORANDUM AND ORDER**

I.     **PROCEDURAL BACKGROUND.**

On December 31, 2012, Petitioner Craig Alford, an inmate SCI-Mahanoy, Frackville, PA, filed, *pro se,* a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1).[1] Petitioner also filed a support Memorandum. (Doc. 2). Further, Petitioner filed a Motion to proceed *in forma pauperis* and a Motion to Appoint Counsel. (Docs. 3 & 4). Petitioner also simultaneously filed a second §2254 habeas petition which raised the same claims and named the same Respondents as his Civil No. 12-2616 petition. *See* Civil No. 12-2617, M.D. Pa. On January 7, 2013, the Court consolidated Petitioner's stated two habeas petition into Civil No. 12-2616, M.D. Pa. (Doc. 6). On January 8, 2013, we issued an Order and denied Petitioner's Motion to Appoint Counsel. (Doc. 7).

On January 9, 2013, we issued a Show Cause Order and granted Petitioner 's *in forma pauperis* Motion. We directed the Clerk of Court to serve Petitioner's habeas petition on Respondents, and we directed Respondents to respond to the habeas petition within twenty days. Petitioner was afforded ten days after Respondents' response to file a Traverse. (Doc. 9).

---

1.    We take judicial note that Petitioner Alford raised different claims in a separate §2254 habeas petition that is also currently pending in the M.D. Pa. *See Alford v. PA DOC*, Civil No. 13-0435, M.D. Pa.

Petitioner names as Respondents the PA Board of Probation and Parole ("PBPP" or ("PA Board") as well as the PA Attorney General. Petitioner appears to claim that after he was arrested on March 24, 2010, and charged by the New Jersey State Parole Board with two technical violations regarding his PA parole conditions, the PBPP failed to give him proper notice, a timely detention hearing, a probable cause hearing and a parole revocation/violation hearing, and thus violated his procedural due process rights. Petitioner further stated that New Jersey Superior Court was not a court of record so he was not a convicted parole violator. (Doc. 1). Petitioner also claimed that the PA Board lacked adequate evidence to find him guilty of a technical parole violation and that he had ineffective counsel. (Doc. 1). Petitioner stated that after he was released by New Jersey authorities on April 1, 2010, he remained detained in prison in New Jersey on the PBPP's parole violation warrant. Petitioner then stated that he was not given a parole revocation/violation hearing by the PBPP until October 28, 2010, which was not timely since it was required to be conducted within 120 days from April 1, 2010. (Doc. 1, p. 9). Thus, in his instant habeas petition, Petitioner Alford claims that his present confinement in prison at SCI-Mahanoy, after he was found to have violated the conditions of his PA parole, is illegal.

As relief in his habeas petition, Petitioner seeks this Court to dismiss his PA parole violation charges and to immediately release him from confinement in SCI-Mahanoy. Petitioner also seeks this Court to "adjust his maximum sentence back to January 10, 2015, and to be compensated for wages lost from March 2010 until [the] day of [his] release [from prison]." Further, Petitioner seeks to compensated for "pain and suffering from when he was to be released by the Board when they conducted [the] untimely [parole revocation/violation] hearings, and was to release [him]." (Doc. 1, p. 22).[2]

---

2. To the extent Petitioner Alford seeks damages for his alleged illegal confinement in prison by the PA Board, these claims are not properly raised in a habeas petition. *See Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). As such, we will dismiss with prejudice Petitioner 's claims for damages in his habeas petition.

Subsequent to our Show Cause Order, on January 29, 2013, Respondents filed a motion for an extension of time to file their response to the habeas petition. (Doc. 13). On January 30, 2013, we issued an Order and granted Respondents' Motion for Enlargement of Time. We afforded Respondents forty-five (45) days from the date of the Order to file their Answer to Petitioner's Petition for Writ of Habeas Corpus, until March 15, 2013. (Doc. 14). We also gave Petitioner ten (10) days after he was served with Respondents' Response to file a Traverse.

On February 1, 2013, the parties consented to proceed before the undersigned for all matters. (Doc. 16). On February 4, 2013, Petitioner filed his first Motion for Summary Judgment due to the failure of Respondents to respond to his habeas petition. (Doc. 17). Petitioner claimed that the court should grant his habeas petition and order his release from prison. Petitioner also filed a support brief with Exhibits, A & B. (Doc. 18). As stated above, on January 30, 2013, we issued an Order (Doc. 14) and granted Respondents' Motion for Enlargement of Time (Doc. 13) and directed that Respondents to file their response to Petitioner 's habeas petition by March 15, 2013. We also found that Petitioner's Motion for Summary Judgment was not appropriate in a habeas case. Thus, on February 12, 2013, we issued an Order and dismissed Petitioner's Doc. 17 Motion for Summary Judgment. (Doc. 28).

On March 15, 2013, Respondents timely filed their Answer to Petitioner's habeas petition with Exhibits as well as a support brief. (Docs. 30 & 31). Respondents contend that Petitioner's habeas petition should be dismissed for procedural default and, that it should be denied on its merits for several reasons, including their contention that there were no due process violations. As stated, Respondents also filed Exhibits to support their contentions.

On March 20, 2013, Petitioner filed a second Motion for Summary Judgment and support brief. (Docs. 32 & 33).

On April 1, 2013, Petitioner filed a Motion for an Evidentiary Hearing as well as a third Motion for Summary Judgment. (Docs. 35 & 36). Also, on April 1, 2013, Petitioner filed a brief regarding his third Motion for Summary Judgment. (Doc. 37). Additionally, on April 1, 2013,

3

Petitioner filed his Traverse in support of his habeas petition with Exhibits. (Docs. 38-41). On April 16, 2013, Petitioner filed a supplemental brief in support of his Traverse as well as supplemental Exhibits. (Docs. 47 & 48). Thus, Petitioner 's habeas petition is now ripe for disposition.

On April 25, 2013, Petitioner filed a so-called, 1-page "Motion To Disposition Summary Judgment." (Doc. 50). Petitioner requested the Court to dispose of his Motions for Summary Judgment since Respondents did not oppose them and, since he claimed that he was being illegally confined in prison and that there was no genuine issue of fact in dispute. We issued an Order on April 30, 2013, and, we found that Respondents were not required to respond to Petitioner's repetitive Summary Judgment Motions and that there was indeed a genuine dispute as to whether Petitioner was being illegally confined in prison as SCI-Mahanoy. (Doc. 51). We stated that we would address this dispute in detail when we issued our Memorandum addressing the merits of Petitioner 's habeas petition as well as the briefs and Exhibits submitted by the parties.

Thus, we denied Petitioner's Docs. 32 and 36 Motions for Summary Judgment as well as his Doc. 50 Motion. We reserved ruling on Petitioner 's Doc. 35 Motion for an Evidentiary Hearing until the time when we decide the merits of his ripe habeas petition. (Doc. 51).

In our Doc. 51 Order, due to the numerous filings of Petitioner in this case and due to the fact that his habeas petition is now ripe, we also stated that Petitioner was directed to seek leave of court before he files any future documents in this case. We further directed that the Clerk of Court was not to docket any future filings of Petitioner without receiving prior permission from the Court to file them. As indicated above, Respondents responded to Petitioner's habeas petition and to Petitioner's contention that the PBPP violated his due process rights with respect to his parole revocation hearing and that his confinement in prison is unlawful. Petitioner filed his Traverse and supplement. Both parties filed Exhibits. As such, Petitioner's habeas petition is ripe.

On May 1, 2013, Petitioner submitted to the Clerk of Court for filing in this case a Request to conduct Discovery and Interrogatories. The Clerk of Court did not file and docket Petitioner's May 1, 2013 filings pursuant to our Doc. 51 Order, and forwarded Petitioner's

proposed filings to the Chambers of the undersigned for review. We reviewed Petitioner's Request to conduct Discovery and his 25 Interrogatories. In his Request, Petitioner also once again (third time) requested the appointment of counsel. We directed the Clerk of Court to file and docket Petitioner's Request to conduct Discovery, which included his third request for appointment of counsel, and the Clerk did so on May 1, 2013. (Doc. 52). We did not direct the Clerk of Court to file and docket Petitioner's proposed Interrogatories since we denied his Request to conduct Discovery.

With respect to Petitioner's third request for appointment of counsel contained in his Doc. 52 filing, we denied his third request because we did not find that any circumstances had changed since we denied Petitioner's first and second requests for counsel. (Doc. 42). In fact, Petitioner continued to file documents on his own behalf and his habeas petition was ripe for disposition.

In regard to Petitioner's Request to Conduct Discovery, Doc. 52, we denied this motion as unnecessary since we found that the Exhibits submitted by the parities were more than sufficient and that no further discovery would benefit the Petitioner or the Court.

We found that Petitioner had not satisfied the "good cause" standard and that his proposed 25 "yes" or "no" questions to the PBPP did not set forth specific factual allegations which, if fully developed, would entitle him to the writ. As stated, both parties have filed several Exhibits in this case. We found that the documents already filed in this case had fully developed the record and were more than sufficient for the Court to rule on Petitioner's ripe habeas petition.

We now address Petitioner's ripe habeas petition.[3]

---

3.    Petitioner Alford sent the Court a 4-paragraph handwritten "Petition for leave to file a motion to disposition (sic) writ of habeas corpus" dated July 25, 2013, in which he requested permission from the Court to file a motion to have his habeas petition decided by the Court. In light of the instant Memorandum and Order, we did not find it necessary to docket Petitioner's latest requested filing in this case since his proposed motion would now be moot.

## II.        FACTUAL BACKGROUND.

The Court of Common Pleas of Monroe County, PA, sentenced Petitioner Alford on February 24, 1998, to a term of 6 to 12 years incarceration for Aggravated Assault with Serious Bodily Injury and Reckless Endangerment. (Doc. 30-1, p. 3). On August 25, 1998, the Court of Common Pleas of Monroe County sentenced Alford to an additional 3 to 6 years in prison for Manufacture, Sale, Deliver, or Possession with Intent to Manufacture or Deliver a Controlled Substance. (Doc. 30-1, p. 3). Petitioner's sentences were ordered to run consecutive so they were aggregated into a single 9 to 18 year prison term with an original minimum date of January 10, 2006, and an original maximum date of January 10, 2015. (Doc. 30-1, p. 4). Petitioner signed his parole conditions agreement on August 25, 2006, which stated in part:

> [i]f I am ever charged with a parole violation arising out of my conduct while in a jurisdiction other than the Commonwealth of Pennsylvania, the revocation of my parole for that violation may be based solely on documentary evidence and I hereby waive any right to confront or cross-examine any person who prepared any such documentary evidence or who supplied information used in its preparation.

(Doc. 30-1, p. 4).[4]

Petitioner was paroled by the PA Board on August 28, 2006, from his aggregated Monroe County sentence. (Doc. 30-1, p. 4). Petitioner was subject to the above stated conditions of parole.

On September 18, 2006, the PA Board transferred Petitioner's parole supervision to the State of New Jersey so Petitioner Alford could reside with family. (Doc. 30-1, p. 4 & 30-2, p. 11). On June 24, 2008, Petitioner pled guilty to harassment after being charged in the Superior Court of Mercer County, N.J. (Doc. 30-1, pp. 4-5 & Doc. 30-2, p. 13). Petitioner was sentenced to one year of probation (*Id*). The PA Board was not immediately notified of Petitioner's June 2008 New Jersey conviction. (Doc. 30-1, p. 5).

---

4.     *See also* Doc. 30-2. The averments in the Declaration of Paul Walters, PA Board Parole Manger, are supported by the Respondents' evidence found at Doc. 30-2.

Additionally, Petitioner moved out of his approved New Jersey residence in March 2010 *sans* permission. (Doc. 30-1, p. 5 & Doc. 30-2, p. 18). On March 24, 2010, Trenton Police arrested Petitioner for assaulting Patricia Singleton. (Doc. 30-1, p. 5 & Doc. 30-2, p. 20). These offenses violated conditions #2, and #5, respectively, of Petitioner's Parole agreement with the PA Board, and New Jersey parole authorities notified Petitioner of his parole violations. (*Id*). In April 2010, New Jersey parole authorities informed the PA Board of Petitioner's violations and the PA Board lodged a detainer that same day and instructed New Jersey parole authorities to hold a probable cause hearing for Petitioner. (Doc. 30-1, pp. 5-6 & Doc. 30-2, p. 26). The New Jersey hearing officer concluded that there was probably cause to hold Petitioner and Petitioner received notice of the findings on May 12, 2010. (Doc. 30-1, p. 6 & Doc. 30-2, p. 46).

On July 7, 2010, Petitioner signed a waiver of extradition to return to Pennsylvania and he arrived at a PA state prison ("SCI") on July 15, 2010. (Doc. 30-1, p. 6 & Doc. 30-2, pp. 53, 56). Petitioner received from the PA Board a notice of the charges and parole violation hearing on September 29, 2010, Petitioner's parole violation/revocation hearing was scheduled for October 28, 2010. (Doc. 30-1, p. 6 & Doc. 30-2, pp. 58, 60). Attorney Kent Watkins represented Petitioner at the October 28, 2010 hearing. (Doc. 30-1, p. 7 & Doc. 30-3, p. 61). The PA Board found that Petitioner technically violated parole by changing his residence and that he was a convicted parole violator based on his New Jersey conviction for harassment. (Doc. 30-1, p. 7 & Doc. 30-3, p. 2).

The PA Board mailed notice of these findings to Petitioner on December 14, 2010. (Doc. 30-1, p. 7 & Doc. 30-3, p. 3). Petitioner also received a new maximum sentence date of November 28, 2017 (formerly January 10, 2015). (*Id*). On December 27, 2010, Attorney Watkins objected to the PA Board's decision regarding the October 28, 2010 hearing based on timeliness of the hearing, sufficiency of evidence at the hearing, challenging New Jersey Superior Court as a court of record, and the maximum sentence date re-calculation. (Doc. 30-1, pp. 7-8 & Doc. 30-3, pp. 5-8).

On January 24, 2011, the PA Board issued a decision and recalculated Petitioner's maximum sentence release date to be August 14, 2018 (not November 28, 2017) based on calculation errors from the previous notice. (Doc. 30-1, p. 8 & Doc. 30-3, p. 11). On February 17, 2011, Attorney Watkins filed an amended objection, regarding Petitioner's new maximum sentence date. (Doc. 30-1, p. 8 & Doc. 30-3, pp. 16-18). On March 8, 2011, PA Board Secretary Kimberly Barkeley informed Attorney Watkins and Petitioner that all claims in both objection documents *(i.e.,* Requests for Administrative Relief) were denied by the Board. (Doc. 30-1, p. 8 & Doc. 30-3, pp. 20-23).

On March 22, 2011, Petitioner appealed, *pro se,* the decisions of the PA Board with the Commonwealth Court of Pennsylvania. (Doc. 30-3, pp. 25, 72). The Commonwealth Court upheld the Board's decisions. (*Id*). On June 7, 2012, Petitioner files an appeal to the Pennsylvania Supreme Court by way of a Petition for Allowance of Appeal, *Nunc Pro Tunc,* which the Court denied on November 26, 2012. (Doc. 30-3, pp. 85, 95).

Thus, Petitioner's current sentence will not expire until August 14, 2018. Doc. 30-1, p. 8).

## III.     DISCUSSION.

As Respondents point out (Doc. 30, p. 12), Petitioner raises five habeas claims, namely, the PA Board failed to hold a timely probable cause hearing regrading his charged parole violations, the PA Board violated his due process rights by failing to hold a timely revocation/violation hearing, the PA Board failed to provide him with proper notice regarding his charged parole violations, the New Jersey conviction used as a basis to violate his parole did not occur in a court of record, the PA Board lacked sufficient evidence to recommit him as a technical parole violator, and ineffective assistance of counsel with respect to his revocation/violation hearing.

1. *Exhaustion of State Court Remedies*

"Habeas corpus relief cannot be granted unless Petitioner has exhausted all available state remedies as to each federal claim raised in the petition. *See* 28 U.S.C. §2254(b)(1)(A)." *Ascenzi v. Erickson*, 2008 WL 191486, *3 (M.D. Pa. Jan. 22. 2008)(citations omitted).

Thus, Petitioner must satisfy the standards set for by 28 U.S.C. § 2254, which states the following, in part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a .. Court only on the ground that he is in custody in violation of the Constitution or laws or treaties if the United States.
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a ... court shall not be granted unless it appears that –
>> (A) the applicant has exhausted the remedies available [to the petitioner];
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available [to the petitioner].

28 U.S.C. 2254(a) and (b).

In *Shackleford v. Ebbert*, 2011 WL 1107024, *5 (M.D. Pa. 2011), adopted by 2011 WL 1059732 (3-23-11), the Court stated:

> [P]risoners seeking relief under Section § 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner "has exhausted the remedial available [to him]" before seeking relief in federal court. 28 U.S.C. § 2254(b). In instances where a prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typical will refuse to entertain a petition for habeas corpus. *See Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir.2002).
>
> Thus, in this specific factual context, where a habeas petitioner seeks to challenge a parole revocation decision, it is well-settled that a prisoner-petitioner should not be permitted to bring his complaint of procedural error in a parole determination unless he has first exhausted his

administrative remedies. *See United States ex rel. D'Agostino v. Keohane*, 877 F.2d 1167 (3d Cir.1989); *United States ex rel. Sanders v. Arnold*, 535 F.2d 848 (3d Cir.1976).

_____ Also, "Petitioner bears the burden of establishing that all available state remedies have been exhausted." *Ascenzi v. Erickson*, 2008 WL 191486, *3(citing *Parker v. Kelchner*, 429 F. 3d 58, 62 (3d Cir. 2005)).

_____ As Respondents point out (Doc. 30, pp. 13-14), Petitioner had certain procedural steps he was required to take in order to exhaust his habeas claims presently before this Court challenging the PA Board's decision. *Ascenzi v. Erickson*, 2008 WL 191486, *3. In order to exhaust claims regarding determinations relating to parole revocation decisions in Pennsylvania, a prisoner must seek administrative review of claims by filing a petition for administrative review with the Pennsylvania Board of Parole and Probation within thirty ( 30) days of the mailing date of the Board's determination. 1.37 Pa. Code § 73.1; 42 Pa.C.S.A. § 7639a); *see also Williams v. Wyder*, 232 Fed. Appx. 177, 178 ( 3d Cir. 2007); *Ascenzi v. Erickson*, 2008 WL 191486, *3. After an administrative appeal to the PA Board, Petitioner must present his claims to the Pennsylvania Commonwealth Court. *See* 42 Pa.C.S.A. § 763(a); *Bronson v. Pennsylvania Board of Probabtion and Parole*, 491 Pa. 549,421 A.2d 1021 (1980); *Favors v. PA Dept. of Corrections*, 2010 WL 5625908, *2 (M.D. Pa. 11-4-10), adopted by 2011 WL 208888(M.D. Pa. 1-20-11); *Anderson v. PA Bd. of Probation and Parole*, 2010 WL 6714531, *8 (E.D. Pa. 8-31-10). Further, if Petitioner was still unsatisfied with the result, Petitioner must then file a Petition with the Pennsylvania Supreme Court for an Allowance of Appeal. *See* 42 Pa. C.S.A. § 724; *McMahon v. Pennsylvania Board of Probation and Parole*, 504 Pa. 240, 470 A.2d 1337 (1983); *Anderson v. PA Bd. of Probation and Parole*, 2010 WL 6714531, *8 (E.D. Pa. 8-31-10); *Ascenzi v. Erickson*, 2008 WL 191486, *3. Thus, "[t]he third and final step Petitioner must pursue is a

Petition to the Pennsylvania Supreme Court for an Allowance of Appeal." *Ascenzi v. Erickson*, 2008 WL 191486, *3. We agree with Respondents that the record shows Petitioner did not properly exhaust all of his state court remedies with respect to his instant habeas claims.

Respondents state that Petitioner Alford filed his administrative appeal with the PA Board challenging its December 14, 2010 decision, and it was denied on March 8, 2011. Respondents then state that Petitioner filed an appeal with the PA Commonwealth Court and it was denied on August 30, 2011. Petitioner then had thirty (30) days from August 30, 2011, to file a Petition with the Pennsylvania Supreme Court for an Allowance of Appeal. See 42 Pa. C.S.A. § 724; Pa.R.A.P. 113. Respondents correctly state that Petitioner did not timely file a Petition with the Pennsylvania Supreme Court for an Allowance of Appeal with respect to the PA Commonwealth Court's August 30, 2011 decision. Respondents state that Petitioner "Alford inexplicably waited approximately 10 months before he attempted to file a Petition for an Allowance of Appeal [with the Pennsylvania Supreme Court] *nunc pro tunc* on June 7, 2012." (Doc. 30, p. 14). Also, the record shows that the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal, *Nunc Pro Tunc*, on November 26, 2012. (Doc. 30-3, pp. 85, 95). Thus, the record demonstrates that Petitioner did not timely pursue a Petition for Allowance of Appeal with the Pennsylvania Supreme Court and that Petitioner 's state court remedies were not exhausted. As such, Petitioner failed to avail himself of all of the available state court remedies, and he cannot now assert his habeas claims for federal habeas review.

Therefore, we find that Petitioner failed to completely present his habeas claims in state court and, he is barred from bringing said claims in the instant habeas case. *See Cristin v. Brennan*, 281 F. 3d 404, 410 (3d Cir.), *cert denied*, 537 U.S. 897 (2002)). The Petitioner should not be allowed to benefit from depriving the state of the opportunity to hear all relevant claims. *See Coleman v. Thompson*, 501 U.S. 722, 732, 115, L. Ed. 2d 640, 111 S. Ct. 2546 (1991). Thus, a

Petitioner must not only exhaust state remedies, but must also fairly present his claims. *See Cristin, supra*.

As discussed above, we agree with Respondents that Petitioner failed to file a timely final appeal with the Pennsylvania Supreme Court, and that said failure deprived the state of the full opportunity to hear Petitioner's present claims. We therefore hold that Petitioner did not fully exhaust all of his available state remedies.

As such, we agree with Respondents that Petitioner Alford has not exhausted his state court remedies with respect to his present habeas claims, and the time to do so has expired. Petitioner Alford's failure to timely present his claims at the state level before the Pennsylvania Supreme Court constitutes an independent and adequate state ground sufficient to support a procedural default of his claims. *Barbhart v. Kyler*, 318 F. Supp. 250 ( M. D. Pa. 2004). Morever, Petitioner has not established sufficient cause for his default or demonstrated actual prejudice that would justify overlooking the default in this case. *Cristin v. Brennan* , 281 F. 3d 404, 412 ( 3d Cir.), *cert. denied*, 537 U.S. 897 (2002).

Thus, as in *Favors*, Petitioner Alford has procedurally defaulted his present claims. In *Favors v. PA Dept. of Corrections*, 2010 WL 5625908, *7, the Court stated:

> given [Petitioner] Favors' clear defaults, this Court cannot review the merits of his procedurally defaulted claims unless Favors shows either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992). To demonstrate "cause" for a procedural default, Favors must point to some objective external factor which impeded his efforts to comply with the state's procedural rule. *See Murray v. Carrier,* 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied only if Favors can demonstrate that the outcome of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation of federal law. *See Lockhart v. Fretwell,* 506 U.S. 364, 366 (1993).

*See also Buxton v. Pennsylvania*, 398 Fed.Appx. 704, 707-708 (3d Cir. 2010).

As discussed, we agree with Respondents, and find that Petitioner Alford's habeas petition should be dismissed based on procedural default.

2. *Merits of Habeas Petition*

Finally, even though Petitioner's habeas claims were not fully exhausted in the state courts and are procedurally defaulted, we concur with Respondents and find that Petitioner's habeas claims should  be denied on the merits. "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State." *See* U.S.C. § 2254(b)(2); *Ascenzi v. Erickson*, 2008 WL 191486, *4("a district court has the authority to deny a habeas petition in the merits despite the Petitioner's failure to exhaust state remedies where it is 'perfectly clear that the [Petitioner] does not raise even a colorable federal claim." (citing *Lambert v. Blackwell*, 134 F.3d 506, 514-515 (3d Cir. 1997).

Thus, we will also evaluate Petitioner's habeas claims on the merits.

Without citing statute or case law, Petitioner alleges that Respondents had 14 days from his violation charges to conduct a probable cause hearing.  (Doc. 1).  Petitioner is likely relying on 37 Pa. Code § 71.2, which calls for preliminary hearings within 14 days of detention  of alleged technical parole violators if they have not already been detained after appropriate hearings for other violations or criminal charges.  However, Petitioner was being held in another State (New Jersey) from the State in which the PA Board had jurisdiction so the Interstate Commission for Adult Offender Supervision ("ICAOS") applies.  The ICAOS dictates that a hearing must take place "as promptly as convenient after the arrest while the information is fresh and sources available." *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972).  In this case, New Jersey authorities detained Alford for parole violations on March 24, 2010, and the PA Board received notice of the possible technical violations on April 12, 2010.  (Doc. 30-1, ¶¶ 21, 23).  Petitioner's hearing took place on April 27, 2010, 34 days after his arrest.  (Doc. 30-1, ¶ 25).  We agree with Respondents that the 4 additional days is a reasonable delay for an interstate matter.  Additionally, Petitioner would have to show that the delay prejudiced the decision in order to be entitled to relief as a result of an untimely preliminary hearing.  *See Maslauskas v. United States Bd. of Parole*, 639 F.2d 935 (3d Cir. 1980).  We

find that there was no prejudice in this case and that Petitioner Alford is not entitled to habeas relief based on the untimely probable cause hearing.

Petitioner next claims that he is entitled to habeas relief because his revocation hearing was untimely. (Doc. 1). If there is a violation hearing after a preliminary hearing, the PA Board must hold the violation hearing within 120 days after the preliminary hearing. *See* 37 Pa. Code § 71.2(10)). However, the PA Board may defer a hearing until the alleged offender is returned to a Pennsylvania State Correctional Institution. *See* 37 Pa. Code § 75(a). Additionally, a revocation hearing must be held within 120 days of a finding of guilt unless the parolee is outside the Board's jurisdiction at the time; then the hearing must be within 120 days of his return to a Pennsylvania SCI. *See* 37 Pa. Code § 71.4. Petitioner Alford returned to an SCI on July 15, 2010, and his revocation hearing was 105 days later on October 28, 2010. (Doc. 30-1, ¶¶ 28, 30). We therefore find that Petitioner's revocation hearing was timely and that he is not entitled to habeas relief based on this claim.

Petitioner further claims that he was not granted adequate notice of his charged violations and that he is therefore entitled to the granting of his writ of habeas corpus. (Doc. 1). Petitioner's claim that Respondents violated his procedural due process rights is not supported by the record which demonstrates that Respondents provided Petitioner with all of his required due process protections before revocation of parole may occur. *See Morissey v. Brewer*, 408 U.S. 471, 481 (1972); *Johnson v. Dodrill*, No. 3:CV-04-0068 (M.D. Pa. 3-18-04); *Ascenzi v. Erickson*, 2008 WL 191486, *4. In *Morissey*, the United States Supreme Court determined that while parole proceedings do not involve rights due all citizens, an inmate is entitled to "some orderly process, however informal" before rescission occurs. 408 U.S. at 481. In *Anderson v. PA Bd. of Probation and Parole*, 2011 WL 2003291, *3 (E.D. Pa. 5-23-11), the Court stated:

14

The Supreme Court has held that "the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Nonetheless, a parolee facing the prospect of revocation of parole is still entitled to an "informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." *Id.* at 484. The "minimum requirements of due process" in such proceedings include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board ...; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* at 489.

We now address the process afforded to Petitioner in this case.

On September 29, 2010, Petitioner received notice of a violation hearing to be held on October 28, 2010. We agree with Respondents that 29 days was adequate notice to prepare a defense and was therefore not a violation of Petitioner's right to due process. We hold that Petitioner received proper notice and the he is not entitled to habeas relief on this claim.

Petitioner additionally claims that his habeas petition should be granted because the Superior Court of New Jersey is not a court of record. (Doc. 1). As stated, Petitioner's attorney in the appeal of the PA Board's decision conceded that the Superior Court of Mercer County in New Jersey was and is a court of record. As discussed, on March 8, 2011, the PA Board affirmed its decision. (Doc. 30-3, pp. 22-23). Petitioner Alford then appealed to the Board's decision to the Commonwealth Court of Pennsylvania. (Doc. 30-3, pp. 30-33). On June 13, 2011, Petitioner's attorney, Kent D. Watkins, filed a Brief with the Commonwealth Court in which he argued that the Board failed to give Petitioner appropriate credit for time served, failed to grant Petitioner a timely revocation hearing, and lacked evidence necessary to revoke Petitioner's parole. (Doc. 30-3, pp.

35-52). At this time, Petitioner's attorney conceded that New Jersey Superior Court was a court of record. (*Id*).

Moreover, New Jersey Superior Court has general jurisdiction throughout the State and was implicitly declared to be a court of record by Statute. *See* N.J. Const. Art. VI, § III, ¶ 2; N.J. Stat. § 2A: 17-17. We therefore hold that New Jersey Superior Court of Mercer County was a court of record and that Petitioner is not entitled to habeas relief on this claim.

Petitioner next claims that he should receive a writ of habeas corpus because the PA Board lacked the evidence necessary to find him in technical violation of his PA parole. (Doc. 1). This claim derives from PA law, which states that the courts should hear all appeals decided by a Commonwealth agency and should affirm whenever substantial evidence supports the agency's finding. *See* 2 Pa. C.S. § 704. A Petitioner has to show that his federal rights have been violated in order to bring a successful habeas petition. *See Engle v. Isaac*, 456 U.S. 107 (1982). The Petitioner brings an issue solely based on state law in this instance so he is not entitled to habeas relief even if the PA Board lacked substantial evidence. *See Knight v. Kelchner*, 2007 WL 3342755, *14 (M.D. Pa. Nov. 9, 2007)("The fact that Petitioner raised his [habeas] claim only in the context of state law is also significant in that the violation of state law does not entitle a per to federal habeas relief."). "It is well recognized that a right created by state law is not cognizable as a basis for federal habeas relief pursuant to §2254." *Id*. (citation omitted).

Additionally, Petitioner would only be entitled to habeas relief if the evidence was grossly insufficient or if there was no evidence at all. Pursuant to 37 Pa. Code § 71.2(19), the PA Board must find a technical violation by a preponderance of evidence. *See Ascenzi v. Erickson*, 2008 WL 191486, *4(citing *United States v. Dees,* 467 F.3d 847, 854-855 (3d Cir. 2006)). Moreover, "[p]aroless in revocation proceedings also face a greater range of evidence that may be admissible against them, no right to a jury trial, and no right against self-incrimination." *Id*.(citing *United States v. Loy*, 237 F.3d 251 (3d Cir. 2001)(other citations omitted).

The PA Board presented documentary evidence from the State of New Jersey to prove that Petitioner Alford changed his address without permission. (Doc. 30-1, ¶ 23; Doc. 30-2, p. 11). Petitioner consented to the use of documentary evidence to revoke his parole and he waived his right of cross-examination with regard to that evidence if used by the Board. (Doc. 30-2, p. 6). We therefore find that the PA Board did not violate any of Petitioner's due process rights and that he is not entitled to habeas corpus relief on his claims.

Finally, Petitioner claims ineffective assistance of his parole revocation counsel as grounds for habeas relief. (Doc. 1). He alleges that his attorney failed to raise and preserve all relevant claims. (*Id*.). In order to prove that his counsel was ineffective, Petitioner must prove that: 1) Attorney Watkins' performance was deficient; and 2) that the deficiency prejudiced Petitioner's defense. *Strickland v. Washington*, 466 U.S. 668 104 S. Ct. 2052 80 L.Ed.2d 674 (1984). In order to prove prejudice, Petitioner must show "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. We agree with Respondents that since there is no merit to any of Petitioner's claims challenging the PA Board's decision, as discussed above, Petitioner's counsel, even if he committed unprofessional errors as alleged, would not have changed the outcome of Petitioner's case. We also agree with Respondents that Petitioner's conclusions are factually and legally inaccurate regarding his counsel.

Moreover, Petitioner's claim of ineffective counsel would not be grounds for relief in a habeas petition even if accurate because ineffective counsel would not deprive Petitioner of any federal right. As previously stated, habeas relief can only be granted for a violation of Constitutional rights or a violation of federal law. *See Estelle v. McGuire.* 502 U.S. 62 (1991); *Knight v. Kelchner, supra*. There is no federally or Constitutionally guaranteed right to counsel for a parolee in the United States. *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973); *Stanley v. Brooks*, 2007 WL 1113522, *4 (W.D. Pa. April 12, 2007)("parole revocation is not a stage of criminal prosecution"(citing *Gagnon*, 411 U.S. at 783-90; *U.S. v. Aspinall*, 389 F.3d 332, 342 (2d Cir. 2004)). "A federal constitutional claim to the right to counsel in the parole revocation context is governed by the Due

Process Clause of the Fourteenth Amendment." *Stanley v. Brooks*, 2007 WL 1113522, *4 (citing *Morrissey, supra; Gagnon, supra*). As fully discussed above, we have found that Petitioner Alford was given all requirements of due process with respect to his parole revocation by the PA Board.

In the Middle District of Pennsylvania, district courts repeatedly reject claims of ineffective counsel in parole revocation hearings. *See Hutchinson v. Pennsylvania Board of Probation and Parole* No. Civ. 09-2543, 2010 WL 3025122 (M.D. Pa 2010). Since Petitioner did not have a federally protected right to counsel in the parole revocation context and since we have found that Petitioner Alford was given all requirements of due process with respect to his parole revocation by the PA Board, we hold that his ineffective assistance of counsel claims do not entitle him to habeas corpus relief even Petitioner could prove such claims.

Additionally, as stated, on April 1, 2013, Petitioner filed a Motion for an Evidentiary Hearing. **(Doc. 35)**. Based on our discussion above in which we find Petitioner failed to exhaust his habeas claims and no merit to Petitioner 's habeas claims, we will deny Petitioner's Motion for an Evidentiary Hearing (Doc. 35). We find that the Petitioner Alford has failed to develop a factual basis for his habeas claims against the PA Board, and that the record shows Petitioner was afforded with all of his due process rights before the Board recommitted him to prison as a parole violator. An evidentiary hearing may only be granted if Petitioner shows:

> (1) the claim relies on "a new rule of constitutional law, previously unavailable, but made retroactive to cases on collateral review by the Supreme Court;" or (2) the claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence; or (3) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty."

28 U.S.C. § 2254(e)(2).

An evidentiary hearing is not required in order for the Court to decide a habeas petition. In making the determination of whether a hearing is necessary in a case, we are mindful of our obligation to do so unless the motion, files and records conclusively show petitioner is not entitled to relief. *See Torres v. United States*, 370 F. Supp. 1348 (E.D.N.Y. 1974); *see also Walker v. United*

*States*, 306 F. Supp.2d 215, 222 (N.D.N.Y. 2004); *Collins v. United States*, 418 F. Supp. 577, 579 (E.D.N.Y. 1976). Based on the record presented by the parties, we find that Petitioner Alford has failed to meet the above criteria and an evidentiary hearing is unnecessary.

### 3. *Certificate of Appealability*

Since we find no merit to Petitioner's habeas claims and we will issue a final order denying Petitioner's §2254 habeas petition, we must also decide whether a Certificate of Appealability ("COA") should be issued. *See United States v. Jones,* 832 F.Supp.2d 519, 537-38 (E.D. Pa. 2011); Stanley *v. Brooks*, 2007 WL 1113522, *5("Amended Section 2253 [of the AEDA] provides that '[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.'"); *Smith v. Pennsylvania*, 2008 WL 4925656, *2 (W.D. Pa. Nov. 14, 2008).

In *Smith,* 2008 WL 4925656, *2, the Court stated:

> Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a Petitioner has made a a substantial showing of the denial of a constitutional right. 28 U.S.C. §2254(c)(2).

The U.S. Supreme Court has stated the following standard for denials of habeas petitions based on the merits: "The Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S.Ct. 1595 (2000).

In light of the above discussion, Petitioner's §2254 habeas petition and the instant record, we find that "jurists of reason would not find it debatable whether the claims raised in [Alford's] Petition for Writ of Habeas Corpus are procedurally defaulted, or that he has made a substantial showing of the denial of a constitutional right." *Stanley v. Brooks*, 2007 WL 1113522, *5(citing Slack v. McDaniel, 529 U.S. 473, 474 (2000)). As discussed, we agree with Respondents that Petitioner's claims are procedurally defaulted and that Petitioner is not entitled to relief with

respect to any of his habeas claims. Moreover, we find that Petitioner has not demonstrated a substantial denial of a constitutional right. Thus, we will not issue a COA in this case.

**IV.      CONCLUSION.**

Based on the above discussion and pursuant to the cases and statutes cited herein, we will deny Petitioner Alford's petition for a writ of habeas corpus, **Doc. 1**.

An appropriate Order will be issued.

<u>**s/ Thomas M. Blewitt**</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 13, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG ALFORD, | : | CIVIL ACTION NO. **3:CV-12-2616** |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, *et al.*, | : | |
| | : | |
| Respondents | : | |

**ORDER**

**AND NOW,** this **13**<sup>th</sup> day of **August**, **2013**, based on the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1.  Petitioner Alford 's Petition for a Writ of Habeas Corpus **(Doc. 1)** is **DENIED.**

2.  Petitioner Alford's claims for damages in his habeas petition **(Doc. 1, p. 22)** are **DISMISSED WITH PREJUDICE**.

3.  Petitioner 's **Doc. 35** Motion for an Evidentiary Hearing is **DENIED.**

4.  A Certificate of Appealability is **DENIED.**

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 13, 2013**